IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

William P. Ekasala,               )
Defendant/Petitioner,             )
                                  )
                                  )
        v.                        )   Cr.No. 1:95CR10163-001 WGY
                                  )
United States of America,         )   MAGISTRATE JUDGE Alexander
Plaintiff/Respondent.             )
                                  )

04 11515 WGY

### DEFENDANT WILLIAM EKASALA'S MOTION TO CLARIFY SENTENCE AND/OR WRIT OF HABEAS CORPUS UNDER THE ALL WRITS ACT, 28 U.S.C. § 1651

Now Comes the Defendant, William P. Ekasala, pro se, and hereby respectfully requests that this Honorable Court grant this Motion to Clarify Sentence and/or This Writ of Habeas Corpus under the All Writs Act, Title 28 U.S.C. § 1651, correcting Ekasala's sentence on the basis of a newly existing legal defense that could not have been known at the time of his sentencing on April 8, 1996, nor would it have been a cognizable claim under a Motion to Vacate, Set Aside, or Correct Sentence under Title 28 U.S.C. § 2255. Ekasala submits that he has no available remedy at law and asks for fundamental fairness and equitable relief be applied to his current plight. The following facts support Ekasala's request for the granting of this Motion to Clarify Sentence and/or Writ of Habeas Corpus.

### FACTS IN SUPPORT OF THE GRANTING OF THIS MOTION

On April 8, 1996, Ekasala was sentenced before this Honorable Court to 96 months for Bank Robbery in violation of 18 U.S.C. § 2113 (Please find Judgement and Commitment attached as #1). At the time of sentencing Ekasala was serving a sentence of 4 to 12 years in the

-1-

State of Massachusetts. Your Honor sentenced Ekasala to 24 months concurrent with the 4 to 12 year sentence Ekasala was then serving, and 72 months consecutive to the 4 to 12 year sentence. In Your Honor's sentencing transcript Your Honor stated: "You've got a real sentence to do. You have the rest of your state sentence to do and <u>2 years will overlap</u>. And then you've got 6 federal years to do." (Sentencing Transcript attached as #2 to back of Judgement and Commitement).

In the Government's Sentencing Memorandum (attached as #3) Assistant United States Attorney Robert E. Richardson states on page 6 "Determining the Sentence for the Instant Case" through page 7:

> "The First Circuit held in **United States v. Whiting**, 28 F.3d 1296 (1st Cir. 1994), that, in determining the sentence to be imposed on a defendant serving an undischarged term of imprisonment, the Court is not required to make an all-or-nothing choice between running the new sentence wholly concurrently or wholly consecutively. Instead, the Court should determine where in the combined sentencing range the Court would have sentenced the defendant had the Court sentenced both cases at the same time; determine how much time the defendant is likely actually to serve on the armed robbery case -- and it is the government's position that the defendant will likely serve four years, **particularly given that the state authorities will know that he is not being released but instead headed for further incarceration;** and then run so much of the sentence on the instant case consecutively to the armed robbery case as results in the sentence the Court would have imposed on both cases together.
> For example, if the Court determines that it would have sentenced the defendant to the low end of the guidelines range had it been sentencing the defendant on both cases -- 120 months, according to the above analysis -- and the Court further determines both that the defendant is likely to serve 48 months on the armed robbery case and that the PSR has correctly determined the range for the instant case (84-105 months; see PSR ¶ 83), then the Court could sentence the defendant to 84 months on the instant case, 72 months of which would run consecutively to the armed robbery case. (This is derived by subtracting the 48 months the defendant is likely to serve on the state sentence from the 120 months the Court would have imposed for both cases together.)"

Please see Pages 6 and 7 of the Government's Sentencing Memorandum attached as #3.

It was the Court's intention and determination that Ekasala would be released from the state after 48 months. The state sentence Ekasala was serving was a 4 to 12 year new law sentence, and after 48 months Ekasala was eligible for parole. On or around March 6, 1999, Ekasala went in front of the Parole Board and his parole was denied even though it was known by them that Ekasala had a 6 year consecutive federal sentence to serve. A year later, on or around March 6, 2000, Ekasala went in front of the parole board and he was granted parole. On March 17, 2000, Ekasala was transported to the Plymouth County House of Correction by U.S. Marshals. Although it was the Court's intention that Ekasala serve 48 months in the state Ekasala actually served 56 months in the state and although the Federal Bureau of Prisons has all of Ekasala's records from the Court it is their policy that the consecutive 72 month portion of my sentence commences on the day Ekasala was brought into federal custody, March 17, 2000, regardless of the Court's determination that after 48 months Ekasala would start serving the 72 month consecutive portion of Ekasala's federal sentence. In **United States v. Whiting**, 28 F.3d 1296 (1st Cir. 1994) defendant Bartlett was in a similar situation, serving 16 to life in the state of Massachusettts. It states in pertinent part:

> "Section 5G1.2, so far as pertinent here, directs the court to (1) determine the total punishment for multiple counts in accordance with the guideline grouping rules and (2) then make the sentences for the multiple counts run consecutively "only to the extent necessary to produce a combined sentence equal to the total punishment" determined under the grouping rules. U.S.S.G. § 5G1.2(d). See generally **United States v. Hernandez-Coplin**, 24 F.3d 312, 319-20 (1st Cir. 1994).

> Section 5G1.2(c) provides that the sentences on all counts shall run concurrently if the sentences imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment. Bartlett urges that because his state sentences were for life imprisonment, those sentences were automatically sufficient to satisfy subsection (c). We believe that this guideline refers to the real or effective sentence--not to a nominal one. After all, on the the primary goals of the federal guidelines is "honesty in sentencing," whereby "the sentence the judge gives is the sentence the offender will serve." Stephen Breyer, "The Federal Sentencing Guidelines and the Key Compromises Upon Which They Rest," 17 Hofstra L.Rev. 1, 4 (1988)."

Id. **United States v. Whiting**, 28 F.3d at 1311.

The Court determined that it wanted Ekasala to serve a total of 120 months. In accomplishing this goal the Court sentenced me to 96 months, 24 months concurrent with the 4 to 12 year state sentence Ekasala was serving and 72 months consecutive to the 4 to 12 year sentence Ekasala was serving. This sentence structure would only be correct if Ekasala was paroled after 48 months. But after Ekasala's parole was denied by state authorities Ekasala's federal sentence then turned into 128 months total punishment instead of 120 months total punishment. The 120 months being the low end of the guidelines as recommended by A.U.S.A. Robert E. Richardson in "Government's Sentencing Memorandum", and Your Honor stated at Ekasala's sentencing hearing: "You have 4 years to do in the state and then 2 years will overlap and then you have 6 federal years to do." Please see Sentencing Transcript attached as #2. Instead, Ekasala did 4 years 8 months in the state and 2 years 8 months overlapped and then Ekasala started the 6 federal years. Ekasala has been incarcerated since March 22, 1995, and on a 120 month federal sentence it is common to serve 85%, which comes to 8 years and 6 months. As of now Ekasala's federal release date is May 6, 2005.

The Court inadvertently relied on the almost assured possibility that Ekasala would receive a parole after 48 months due to the federal consecutive sentence of 6 years, which the parole board knew at the first parole hearing. This eliminates A.U.S.A. Robert E. Richardson's theory in "Determining the Sentence for the Instant Case", on pages 6-7 of the Government's Sentencing Memorandum that I would serve 4 years of the state sentence, particularly given that the state authorities will know that I am not being released but instead headed for further incarceration.

As pointed out in the PSR by Probation Officer Lisa Dubé at ¶¶ 94-96:

> "(94) To create a combined sentence for both the instant offense and the prior offense for which the defendant is serving an undischarged period of incarceration, the sentence would be regarded as beginning on the date that the defendant started serving the prior undischarged term of imprisonment, which in this case is July 17, 1995. By the time of his sentencing on the instant offense, the defendant will have completed approximately nine (9) months of this undischarged sentence.
>
> (95) Considering the different good time and release policies of the state and federal correctional systems, calculating an incremental, consecutive § 5G1.3 (c) sentence range is not feasible.
>
> (96) A concurrent § 5G1.3 (c), sentence could be determined, however, by subtracting the time already served by the defendant on the prior, undischarged term of imprisonment, that is nine (9) months, from the custody range 120 months to 150 months, which was calculated, as indicated above, for the combined sentence comprising the instant offense and the offense for which the defendant is serving the prior, undischarged term of imprisonment. **Thus, 111 to 141 months could be regarded as the concurrent § 5G1.3(c) sentence range.**"

Id. PRS. (Please find attached whole PSR as #4)

Ekasala believes these records should be reviewed by Your Honor and he respectfully requests that Your Honor make a decision on resentencing Ekasala to the sentence that the Court has control over.

The Court inadvertently relied on the almost assured possibility that Ekasala would receive a parole after 48 months due to the federal consecutive sentence of 6 years, which the parole board knew at the first parole hearing. This eliminates A.U.S.A. Robert E. Richardson's theory in "Determining the Sentence for the Instant Case", on pages 6-7 of the Government's Sentencing Memorandum that I would serve 4 years of the state sentence, particularly given that the state authorities will know that I am not being released but instead headed for further incarceration.

As pointed out in the PSR by Probation Officer Lisa Dubé at ¶¶ 94-96:

> "(94) To create a combined sentence for both the instant offense and the prior offense for which the defendant is serving an undischarged period of incarceration, the sentence would be regarded as beginning on the date that the defendant started serving the prior undischarged term of imprisonment, which in this case is July 17, 1995. By the time of his sentencing on the instant offense, the defendant will have completed approximately nine (9) months of this undischarged sentence.
>
> (95) Considering the different good time and release policies of the state and federal correctional systems, calculating an incremental, consecutive § 5G1.3 (c) sentence range is not feasible.
>
> (96) A concurrent § 5G1.3 (c), sentence could be determined, however, by subtracting the time already served by the defendant on the prior, undischarged term of imprisonment, that is nine (9) months, from the custody range 120 months to 150 months, which was calculated, as indicated above, for the combined sentence comprising the instant offense and the offense for which the defendant is serving the prior, undischarged term of imprisonment. **Thus, 111 to 141 months could be regarded as the concurrent § 5G1.3(c) sentence range."**

Id. PRS. (Please find attached whole PSR as #4)

Ekasala believes these records should be reviewed by Your Honor and he respectfully requests that Your Honor make a decision on resentencing Ekasala to the sentence that the Court has control over.

-5-

One example would be the above analysis of Probation Officer Lisa Dubé in ¶ 96 of the PSR. In this example Ekasala's sentence would be back to 120 months since it is now known the 48 month parole date was not a concrete number. Ekasala is only trying to have the Court's original sentence carried out and have this Motion construed most liberally in his favor.

## CONCLUSION

WHEREFORE, Defendant Ekasala respectfully requests that this most Honorable Court (A) Grant this Motion to Clarify Sentence and/or this Writ of Habeas Corpus under the All Writs Act, Title 28 U.S.C. § 1651, and (B) Grant such other relief as the Court deems to be just and equitable.

Respectfully submitted,

Date: June 9, 2004

William P. Ekasala, Pro Se
Reg.No. 20633-038
U.S. Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

## CERTIFICATE OF SERVICE

I, William P. Ekasala, do hereby certify that I have mailed a copy of my Motion to Clarify Sentence and/or Writ of Habeas Corpus under the All Writs Act, Title 28 U.S.C. § 1651, to Assistant United States Attorney Robert E. Richardson, U.S. Courthouse, John Joseph Moakley One Courthouse Way, Boston, Massachusetts, 02210, United States Attorneys Office, via first class mail, postage prepaid on this day of June 9, 2004, by placing same in the inmate legal mailbox here at the U.S. Penitentiary at Lewisburg, PA, 17837.

William P. Ekasala