UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM P. EKASALA,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondents. | )<br>)<br>)<br>)<br>)<br>) CRIMINAL ACTION<br>) NO. 95-10163-WGY<br>)  04cv 11515-WGY<br>)<br>)<br>) |

ORDER OF DISMISSAL

YOUNG, C.J.                                                                 July 1, 2004

    Pursuant to Rule 4 of the rules governing habeas corpus cases in the United States district courts, this Court holds that it plainly appears from the face of petitioner William P. Ekasala's ("Ekasala") motion, the annexed exhibits, and the prior proceedings in this case that his request for revision of his sentence is time-barred under 28 U.S.C. § 2255.  See Pet'r Mot. to Clarify Sentence and/or Writ of Habeas Corpus [Docket No. 86] ("Pet'r Mot.").

    Section 2255(4) provides that a one-year period of limitation shall run from the latest of:

    (1) the date on which the judgment of conviction becomes
    final;

    (2) the date on which the impediment to making a motion
    created by governmental action in violation of the
    Constitution or laws of the United States is removed, if the
    movant was prevented from making a motion by such

95cr10163
87

governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) <u>the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence</u>.

28 U.S.C. § 2255 (emphasis added). The First Circuit has held that "the reference in [section 2255(4)] was to basic, primary, or historical facts, as that is the sense in which Congress has used similar language elsewhere." <u>Brackett</u> v. <u>United States</u>, 270 F.3d 60, 69 (1st Cir. 2001). The <u>Brackett</u> court ruled that section 2255(4)'s reference to "facts" is analogous to 28 U.S.C. § 2244(d)(1)(D)'s reference to "factual predicates," and cited <u>Owens</u> v. <u>Boyd</u>, 235 F.3d 356 (7th Cir. 2000), for the proposition that "the trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance," <u>id.</u> at 359. <u>Brackett</u>, 270 F.3d at 69. This Court concludes that, under <u>Brackett</u>, "basic, primary, or historical facts" are not the same as the legal consequences of those facts for the purposes of calculating section 2255's period of limitation. See <u>id.</u>

In the instant case, Ekasala alleges that he is challenging his sentence "on the basis of a newly existing legal defense that could not have been known at the time of his sentencing on April 8, 1996." Pet'r Mot. at 1. This position is unavailing under the language of section 2255(4). Ekasala knew the principal

facts underlying his claim that his sentence was improper -- that at the time of his sentencing he was serving a state sentence of 4 to 12 years in the Commonwealth of Massachusetts, that this Court sentenced him to 24 months concurrent with the state sentence and 72 months consecutive to the state sentence, that he was denied parole on March 6, 1999, that he was granted parole on March 6, 2000, and that he was taken into federal custody on March 17, 2000 to serve 72 months -- by March 17, 2000 (or, in any case, more than one year before filing the instant motion on June 17, 2004). Ekasala's motion, therefore, is time-barred under section 2255(4).

The Court is satisfied that the sentence it imposed upon Eskasala needs no further clarification. For the foregoing reasons, Ekasala's motion [Doc. No. 86] is DISMISSED.

SO ORDERED.

_____
WILLIAM G. YOUNG
CHIEF JUDGE